JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

Proceedings:       **[IN CHAMBERS] ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**

There are two pending motions—Plaintiff Maria Lopez's motion to remand ("Motion to Remand") and Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss ("Motion to Dismiss"). The Court DENIES the Motion to Remand and GRANTS the Motion to Dismiss. Before getting into the reasoning underlying these decisions, some history on this and a related case is helpful. All of the dates in this order are in 2016.

**1. THIS CASE**

First, there's this case.

- On June 28, Plaintiff Maria Lopez sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in California state court for several state law claims arising out of a home loan.

- On July 29, Wells Fargo removed this case to federal court. Wells Fargo said that this Court has subject matter jurisdiction over this case under the diversity clause of the Constitution.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

- On August 5, Wells Fargo filed a motion to dismiss this case along with a supporting request for judicial notice. Wells Fargo filed the motion to dismiss after repeatedly trying to contact Lopez's attorney to discuss the motion by leaving voicemails and sending emails to Lopez's attorney, without getting any response. Lopez had to file an opposition or a statement of non-opposition to that motion by August 22.

- On August 10, the Court on its own initiative issued an order requiring Wells Fargo to show cause ("OSC") why this case shouldn't be remanded. The OSC required Wells Fargo to show up at a hearing on August 29 and explain why this Court has subject matter jurisdiction over this case. The Court didn't require Lopez to appear but told her she could if she wanted.

- On August 22, Lopez's deadline to file an opposition or statement of non-opposition to the motion to dismiss passed. Lopez didn't file the required document.

- On August 29, two things happened. That morning, the Court held the hearing on the OSC. Wells Fargo appeared through its counsel and convinced the Court that discharging the OSC was appropriate. Lopez didn't appear. That afternoon, Lopez filed her Motion to Remand this case after supposedly calling opposing counsel. That motion is now pending.

- On August 31, Wells Fargo filed documents pointing out Lopez's failure to file an opposition to the motion to dismiss. This was two days after Wells Fargo's own deadline to file a reply supporting the motion to dismiss.

- On September 1, Lopez filed a first amended complaint in this case. This filing came 27 days after Wells Fargo filed its first motion to dismiss. That

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

number will become important later. By filing an amended complaint, Lopez rendered the then-pending motion to dismiss moot.

- On September 15, Wells Fargo filed its Motion to Dismiss Lopez's first amended complaint, along with a supporting request for judicial notice. That is the motion to dismiss now pending. Wells Fargo filed the Motion to Dismiss after repeatedly trying to contact Lopez's attorney to discuss the motion by leaving voicemails and sending emails to Lopez's attorney, without getting any response. Lopez had to file an opposition or statement of non-opposition to the Motion to Dismiss by September 26, 2016.

- On September 19, Wells Fargo unilaterally filed what was supposed to be a joint report by the parties under Federal Rule of Civil Procedure 26(f). Wells Fargo again said it had been unable to confer with Lopez despite its repeated attempts.

- On September 26, Lopez's deadline to file an opposition or statement of non-opposition to the Motion to Dismiss passed. Lopez did not file the required document.

- On October 3, Wells Fargo's reply brief supporting the Motion to Dismiss was due. In the late afternoon, Wells Fargo filed documents saying it hadn't received an opposition to the Motion to Dismiss. About five hours later, Lopez filed an opposition.

- On October 10, Wells Fargo filed a reply supporting the Motion to Dismiss. This came a week after the deadline to do so, on a court holiday, and only a week before the hearing on the Motion to Dismiss.

## 2. THE OTHER CASE

There's another, related case too.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|----------|------------------------|------|------------------|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

- On July 7, an entity named "Winston Trust #8300, Southland Homes Real Estate and Investment LLC, as Trustee" filed an unlawful detainer action against Lopez in California state court. This other case involved the same property as this case.

- On August 24, Lopez removed the other case to federal court.

- On September 2, the Court remanded the other case back to California state court on its own motion. The Court discussed the impropriety of parties removing cases to federal court solely to delay a pending state court proceeding.

## 3. ANALYSIS

Whew. The pending Motion to Remand and Motion to Dismiss raise numerous legal questions. The Court only has to address a handful here.

### 3.1 The Motion to Remand

#### 3.1.1 The Filing of the Motion to Remand

There's a threshold procedural issue regarding the filing of the Motion to Remand: Local Rule 7-3. With a few exceptions inapplicable here, the rule requires that a party meet with its opponents to talk about the substance of a contemplated motion before filing it. C.D. Cal. L.R. 7-3. In most cases, this meeting must take place at least seven days before the motion in question is filed. *Id.*

Local Rule 7-3 isn't just a piece of petty pedantry put down to trip up lawyers. Nor is Local Rule 7-3 a mere formalism simply there to be checked off by lawyers. No—Local Rule 7-3 instead helps ensure counsel fulfill their obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding," by avoiding unnecessary litigation. Fed. R. Civ. P. 1. Making two sides talk can significantly help focus and clarify

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

disputes, even when one side still has to file a motion at the end of the day. So the Court takes compliance with Rule 7-3 seriously, as it must to fully honor its own obligations under Federal Rule of Civil Procedure 1.

Here, Lopez hasn't complied with Local Rule 7-3. Lopez's attorney stated under penalty of perjury that his office (it's not clear who) called opposing counsel once on August 29 at 1:00 p.m. to discuss the Motion to Remand but received no reply. Wells Fargo certainly didn't have much time to respond. Lopez filed the Motion to Remand 82 minutes later, at 2:22 p.m. Even assuming that everything Lopez's attorney say is true, Lopez hasn't done what she needed to do. The letter of Local Rule 7-3 requires the meeting take place a week before filing, not mere minutes. And the spirit of Local Rule 7-3 probably requires more than just one missed call to opposing counsel. Lopez's meager attempt, made minutes before the Motion to Remand was filed, doesn't satisfy her obligations.

On top of all that, it's not even clear that Lopez's counsel made the one measly call. Wells Fargo's attorney states, also under penalty of perjury, that he was in his office and available at 1:00 p.m. on August 29, and received no such call. Lopez didn't file a reply brief, and hasn't disputed or otherwise explained Wells Fargo's assertion. One way or another, it appears one side is lying under oath. Other events in this case suggest which side it might be.

In any case, Lopez's failure to satisfy Local Rule 7-3 can itself justify denying the Motion to Remand. *See Superbalife, Int'l v. Powerpay*, CV 08-5099 PSG (PJWx), 2008 WL 4559752, at * 2 (N.D. Cal. Oct. 7, 2008) (denying a motion after the party violated Local Rule 7-3 and stating that "absent any evidence that a party attempted to meet and confer in good faith, this Court is unwilling to excuse noncompliance with the Local Rules").

### 3.1.2 The Substance of the Motion to Remand

There are substantive issues with the Motion to Remand too. The Court raised many of the issues discussed in the Motion to Remand in the Court's OSC, and again in further detail at the hearing on that OSC. At the hearing and later through its order discharging the OSC, the Court considered and rejected the arguments Lopez now makes in the Motion to Remand. Lopez wasn't required to attend the hearing on the OSC. But had she done so, she would

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

have understood the problems with her Motion to Remand before filing that motion, despite her failure to follow Local Rule 7-3. Put differently, Lopez had multiple opportunities to test the waters on her Motion to Remand, and yet failed to do so.

### 3.2 The Motion to Dismiss

#### 3.2.1 The Filing of the First Amended Complaint

There's also a procedural problem with Lopez's first amended complaint. This relates to the 27 days between the filings of the first motion to dismiss and the first amended complaint.

Under Federal Rule of Civil Procedure 15, a plaintiff essentially gets one freebie early on in a case when it comes to filing an amended complaint. Specifically, "[a] party may amend its pleading once as a matter of course," without a court's or opponent's permission, "21 days after serving [the pleading] or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Wells Fargo filed a motion under Rule 12(b)—the first motion to dismiss—on August 5. That means Lopez had until August 26 to file an amended pleading without the Court's leave or Wells Fargo's written consent. Lopez missed that deadline and so needed to get permission to file an amended complaint. Lopez didn't though. Instead, Lopez unilaterally and improperly filed her first amended complaint. Lopez's failure to get permission justifies dismissing the unauthorized first amended complaint here.

#### 3.2.2 The Failure to Oppose the Motion to Dismiss

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

Even if the Court set aside that procedural problem (after all, the Court likely would have given Lopez permission to file a first amended complaint had Lopez bothered to ask), there's still the issue of Lopez' opposition to the Motion to Dismiss.

Under Local Rule 7-9, a party has to file opposition or a statement of non-opposition after receiving a motion from the party's opponent. C.D. Cal. L.R. 7-9. Under Local Rule 7-11, courts can deem a party's failure to file these required papers on time as that party's consent to granting the motion.

Lopez has now twice failed to timely file opposition to Wells Fargo's motions to dismiss. First, Lopez didn't file any opposition to Wells Fargo's initial motion to dismiss. Instead, the day after Wells Fargo filed documents pointing out Lopez's failure to file opposition, Lopez filed the unauthorized first amended complaint. More recently, Lopez didn't file opposition to the pending Motion to Dismiss until a week after the deadline to do so had passed and again right after Wells Fargo filed documents pointing out Lopez's failure. These failures justify dismissing the first amended complaint here.

### 3.3 Taken Together

Taken together, these problems justify the Court's denial of the Motion to Remand and the grant of the Motion to Dismiss. Parsed individually, one or two of Lopez's procedural problems might be excusable. But here, Lopez's lawsuit has suffered a death by a thousand self-inflicted cuts. Lopez's actions reflect a plaintiff who, after dragging a defendant into court, has largely abandoned her case. Her actions also reflect a plaintiff who only belatedly and grudgingly participates in her case when prodded to do so by her more diligent opponent—an opponent who may have greater urgency in resolving the supposed dispute between the parties.

The silence here is deafening. It's telling that Lopez doesn't address any of her procedural failures in her papers, despite having them pointed out to her. She hasn't explained why she didn't respond to Wells Fargo's efforts to satisfy Local Rule 7-3 before it filed its first motion to dismiss. She hasn't explained why she didn't file an opposition to Wells Fargo's first

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

motion to dismiss. She hasn't explained why she didn't seek the Court's leave or Wells Fargo's written consent to file her first amended complaint. She hasn't explained why she didn't satisfy Local Rule 7-3 before filing her Motion to Remand. She hasn't explained why she didn't respond to Wells Fargo's efforts to satisfy Local Rule 7-3 before it filed its now-pending Motion to Dismiss. She hasn't explained why she failed to file an opposition to the pending Motion to Dismiss until a week after the deadline. She hasn't explained her unacceptable failure to participate in the drafting of a Rule 26(f) joint report. She hasn't sufficiently explained what basis there was to remove the related unlawful detainer action to federal court. The list goes on.

### 3.4 The Merits of the Motion to Dismiss

That's not to say there aren't also substantive reasons why Lopez loses here. The Court hasn't weighed in on the underlying merits of the Motion to Dismiss because it doesn't need to rule on those issues or the related request for judicial notice to reach its decision. But recent decisions out of the Central District of California, including a recent decision by this judge, support Wells Fargo's arguments. In its Motion to Dismiss, Wells Fargo argues that the federal Homeowner's Loan Act ("HOLA") preempts Lopez's claims. In *Goudie v. Wells Fargo Bank, N.A.*, EDCV 15-0533 AG (DTBx) (C.D. Cal. June 8, 2015), this Court held that HOLA preempted claims substantially similar to the ones here. Wells Fargo cites other courts that have reached similar decisions. *See, e.g., Campos v. Wells Fargo Bank, N.A.*, No. EDCV 15-1200 JVS (DTBx), 2015 WL 5145520, at *1 (C.D. Cal. Aug. 31, 2015) (denying a plaintiff's motion to remand and granting Wells Fargo's motion to dismiss claims similar to those here). Again, Lopez's silence says something. In her week-late opposition to the Motion to Dismiss, she makes no attempt to address or distinguish these cases. Thus, there might be even more reasons to grant the Motion to Dismiss.

### 3.5 Other Considerations

There are also questions of fundamental fairness. For example, it isn't clear how long it's been since Lopez last made a mortgage payment on the property at issue. It isn't clear that

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1409 AG (KESx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | MARIA LOPEZ v. WELLS FARGO BANK, N.A. | | |

Lopez is paying property taxes or utilities or other expenses on the property at issue. And it isn't clear that Lopez is paying for insurance on the property at issue. Although the Court didn't consider these questions here, the answers to these questions may further relieve any concerns the Court has about disposing of a plaintiff's lawsuit based largely on procedural problems.

## 4. DISPOSITION

The Court DENIES the Motion to Remand and GRANTS the Motion to Dismiss. The Court finds leave to amend is inappropriate under the applicable legal standard. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The Court will enter a simple judgment for Wells Fargo and against Lopez.

_____ : 0

Initials of
Preparer          lmb